**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

E.I. DU PONT DE NEMOURS AND
COMPANY,

                Plaintiff,

vs.                                          Case No. 5:10-cv-381-Oc–34TEM

MAGIC TOUCH CLEANING AND
RESTORATION, INC.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Motion For Entry of Default Judgment (Doc. #16). Defendant has not filed a response to the motion and its time to do so has passed. For the reasons stated below, the undersigned recommends that the Motion for Entry of Default Judgment should be granted.

**I. Background**

This is an action for trademark infringement, counterfeiting and related causes of action under federal and state law brought by Plaintiff, E.I. du Pont De Nemours and Company ("DuPont"), the owner of the DUPONT® and TEFLON® marks arising from the allegedly unauthorized and counterfeit use of the marks by Defendant,

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this Report and Recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Magic Touch Cleaning and Restoration, Inc. ("Magic Touch") in its carpet cleaning business.

On August 11, 2010, DuPont filed the Complaint. (Doc. #1). A summons for Magic Touch was issued that same day. The Affidavit of Service (Doc. #10), shows that service was made on August 16, 2010. After Magic Touch failed to file a responsive pleading, DuPont filed its motion for entry of clerk's default (Doc. #11) and the clerk entered default against Magic Touch on September 16, 2010. (Doc. #12). To date, Magic Touch has not sought to vacate the default or otherwise appear and defend this action. On December 3, 2010, DuPont filed and served the instant motion for default judgment.[2] In support of its motion, DuPont has filed the Declaration of Giselle Ruiz-Arthur, DuPont's corporate trademark counsel, with attachments, including registration of the marks, advertising and other materials showing Magic Touch's use of the marks. Magic Touch has not filed a response to the motion and its time for doing so has passed.

## II. Discussion

### A.   Legal Standard

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., the Court is authorized to enter a final judgment of default against a properly served party who has failed to plead in response to a complaint. The mere entry of a Clerk's default does not in itself

---

[2] The Court extended DuPont's time in which to file a motion for default judgment until December 3, 2010. (Doc. #15).

warrant the entry of a default judgment by the Court; rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. A default judgment has the effect of establishing as fact all of plaintiff's well-pled allegations, and bars defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages. *Tiffany (NJ) LLC v. Dongping*, 2010 WL 4450451, *3 (S.D. Fla. 2010). An evidentiary hearing is not necessary if a party submits sufficient evidence to support the request for damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n. 13(11th Cir. 2005.)

**B.   Liability**

After careful review of the Complaint and Motion, as well as Ms. Ruiz-Arthur's Declaration and supporting evidence, the undersigned finds that DuPont sufficiently has plead claims of trademark infringement, trademark counterfeiting, false designation of origin and unfair competition, false descriptions and representations of fact, and trademark dilution.

Dupont has established through the allegations in its Complaint and the Declaration of Ms. Ruiz-Arthur that DuPont owns and registered the marks DUPONT® and TEFLON®, and that the marks have been famous since long before the time of Magic Touch's infringing conduct; that without DuPont's consent, Magic Touch used both marks in connection with the sale and advertising of carpet cleaning and restoration products; that Magic Touch used products with a

"counterfeit" of DuPont's registered DUPONT® and TEFLON® marks; that consumer confusion is likely; and that there have been a number of consumer complaints against Magic Carpet for overcharging and unethical practices, related to its provision of services using alleged DuPont products.

Accordingly, the undersigned finds that DuPont has established liability; and thus, default judgment should be entered in favor of Dupont, and against Magic Touch, as to all counts of its Complaint.

### C. Statutory Damages

Having established liability as to all of the counts in DuPont's Complaint, the Court must determine the amount of damages. Where as here, DuPont has submitted sufficient evidence to support its request for damages, an evidentiary hearing is not necessary. *S.E.C.*, 420 F.3d at 1232 n. 13.

Dupont seeks statutory damages for Magic Touch's use of counterfeit DUPONT® and TEFLON® marks in violation of the Lanham Act. Pursuant to 15 U.S.C. §1117(c), a plaintiff who suffers injury as a result of a defendant's use of a counterfeit mark may elect to recover statutory damages in an amount "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services, sold, offered for sale, or distributed, as the court considers just." If the court finds that the use of the counterfeit mark was willful, then not more than $2,000,000 may be awarded per counterfeit mark. Here, DuPont requests a base award of $200,000 for each of the two marks – DUPONT® and TEFLON® – for a total of $400,000.

Plaintiff further requests that the Court find the use of marks willful and award damages in the amount of $2,000,000 per mark, for a total of $4,000,000.

Statutory damages are not only intended to compensate for losses, but also to deter wrongful conduct. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1220-21 (S.D. Fla. 2004). DuPont has offered unrefuted evidence that Magic Touch has advertised and represented that it uses Dupont's TEFLON product in its carpet cleaning business even though it has never been authorized to do so; that it has used counterfeit DUPONT® and TEFLON® marks; that Magic Touch's practices (including the improper use of the DUPONT® and TEFLON® marks) have been the subject of an investigative report on a local television news program in Orlando, Florida; that counsel for DuPont wrote a cease and desist letter to Magic Touch, which resulted in an exchange of communications with counsel for Magic Touch; and that, despite representations that Magic Touch was using a genuine DuPont TEFLON® product, Magic Touch has failed to provide any proof to support this claim, nor has it attempted to defend this action.

Based on this evidence, the undersigned finds that a total of $400,000 ($200,000 per infringing mark) is a reasonable damages award pursuant to the statute. While DuPont has provided sufficient evidence to demonstrate that Magic Touch's use of counterfeit marks was willful, the Court is satisfied that an award of $400,000 will be sufficient to deter Magic Touch and other similarly situated carpet cleaning businesses from misusing DuPont's valuable DUPONT® and TEFLON®

marks, as well as to compensate DuPont for any damage suffered as a result of Magic Touch's trademark infringement.

### D. Injunctive Relief

DuPont also is entitled to permanent injunctive relief. The Lanham Act gives the Court "power to grant injunctions, according to the rules of equity and upon such terms as the court may deem reasonable, to prevent the violation" of a mark holder's rights. 15 U.S.C. §1116(a). A district court may grant permanent injunctive relief where the moving party has succeeded on the merits; irreparable injury will be suffered unless the injunction issues; the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Some courts have also required a showing that if the injunction was issued it would not be adverse to the public interest. *Id*.

Courts have recognized that injunctive relief is often appropriate in trademark infringement cases because "there is not adequate remedy at law to redress infringement" and infringement "by its nature causes irreparable harm." *Tally-Ho, Inc., v. Coast Cmty Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989)(quoting *Processed Plastic Co. v. Warner Communications*, 675 F.2d 852, 858 (7th Cir. 1982)). Moreover, trademark infringement infringes "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his

products' reputation." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F.Supp. 775, 785 (M.D. Fla. 1991).

Here, the default judgment establishes DuPont's success on the merits and that DuPont's injury outweighs any damage the injunction may cause Magic Touch. *Transamerica Corp. v. Transamerica Credit, Inc.*, 2008 WL 1882093, *5 (M.D. Fla. April 24, 2008). Moreover, DuPont has submitted evidence showing that Magic Touch's misuse of the DUPONT® and TEFLON® marks will cause great irreparable injury and failure to grant the injunction would needlessly expose DuPont to the risk of continuing harm. Lastly, the injunction is not adverse to the public interest as the public has a strong interest in being free from the confusion and deception caused by trademark infringement. *BellSouth Advertising & Publishing Corp.*, 792 F.Supp. at 785.

Accordingly, Plaintiff's request for a permanent injunction should be granted and Defendant should be permanently enjoined from directly or indirectly using the DUPONT® and TEFLON® marks.

### E. Destruction of Infringing Articles

DuPont further requests that the Court enter an Order, pursuant to 15 U.S.C. §1118, that all labels, signs, packages, advertisements and similar materials in the possession bearing the infringing marks be "delivered up and destroyed." While the Court has authority to order such relief, the undersigned finds that it is not warranted under the circumstances of this case. DuPont's interests will be protected

sufficiently by the issuance of an injunction against Magic Touch from directly or indirectly using the DUPONT® and TEFLON® marks.  Because Magic Touch will be prohibited from using the marks, there is no need to require the destruction of any offending materials that might be in its possession.

### F. Costs and Attorney's Fees

Finally, DuPont seeks reasonable attorney's fees and costs against Magic Touch pursuant to 15 U.S.C. 1117(a), which authorizes an award of attorney's fees and costs to the prevailing party for violation of sections 1125(a), (c), or (d).  The statute specifies that a court may award attorney's fees "in exceptional cases."  The Eleventh Circuit has defined exceptional cases are those where the infringing party acts in a malicious, fraudulent, deliberate or willful manner.  *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)(quoting H.R.Rep. No. 93-524, 93rd Cong., 1st Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133.)  The decision to grant attorney fees remains within the discretion of the trial court.  *Id*.

As discussed above, DuPont has offered unrefuted evidence showing that Magic Touch has advertised and misrepresented that it uses Dupont's TEFLON product in its carpet cleaning business even though it has never been authorized to do so; that it has used counterfeit DUPONT® and TEFLON® marks; that counsel for DuPont wrote a cease and desist letter to Magic Touch, which resulted in an exchange of communications with counsel for Magic Touch; and that, despite representations that Magic Touch was using a genuine DuPont TEFLON® product,

Magic Touch has failed to provide any proof to support this claim. This evidence is sufficient to show that Magic Touch has willfully infringed DuPont's marks, thus justifying the imposition of attorney's fees and costs. Moreover, Magic Touch's failure to respond to the Complaint or otherwise defend this action supports an award. *See e.g., Transamerica Corp. v. Transamerica Credit, Inc.*, 2008 WL 1882093, *5 (M.D. Fla. April 24, 2008); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1222 (S.D. Fla. 2004).

### III. Conclusion

For the above reasons, and upon due consideration, it is respectfully recommended that:

(1) Plaintiff's Motion for Entry of Default Judgment be **GRANTED** (Doc. #16);

(2) Plaintiff should be awarded statutory damages in the amount of $200,000 per infringing mark, for a total of $400,000;

(3) Defendant should be permanently enjoined from directly or indirectly using the DUPONT® and TEFLON® marks;

(4) Plaintiff should be awarded its reasonable attorney's fees and costs incurred in bringing this action and should be directed to submit an affidavit detailing such attorney's fees and costs.

**IN CHAMBERS** in Jacksonville, Florida, on February 28, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
  The Honorable Marcia Morales Howard
  United States District Judge

  Counsel of Record