**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

E.I. DUPONT DE NEMOURS AND COMPANY,

      Plaintiff,

                                       Case. No. 5:10-cv-381-Oc-34TEM

v.

MAGIC TOUCH CLEANING AND
RESTORATION, INC.,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 18; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on February 28, 2011. In the Report, Magistrate Judge Morris recommends that Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 16; Motion) be granted, that Judgment be entered in favor of Plaintiff in the amount of $200,000 per infringing mark, for a total of $400,000, that Defendant be permanently enjoined from directly or indirectly using DUPORT® and TEFLON® marks, and that Plaintiff be awarded its reasonable attorney's fees and costs incurred in bringing this action and be directed to submit an affidavit detailing such attorney's fees and costs. See Report at 9. Neither party filed objections to the Report and the time to do so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific

objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Report, the Court will accept, in part, and modify, in part, the Report. The Court is in agreement with the Magistrate Judge's analysis of the Motion for Default Judgment, and with his recommendation that the Motion for Default Judgment be granted.[1] However, the Court is of the view that Plaintiff's request for delivery and destruction of the infringing articles also should be granted. See Motion for Default Judgment at 25.

In the Report, the Magistrate Judge recommends entry of Judgment in favor of Plaintiff on its claim for false designation of origin, false descriptions, and trademark dilution under 15 U.S.C. § 1125 (a). As relief for these violations, Plaintiff had requested, amongst other things, that the Court enter an order pursuant to 15 U.S.C. § 1118, requiring that all labels, signs, packages, advertisements and similar materials in Defendant's possession

---

[1] In the "liability" section of the Report, the Magistrate Judge determines, based upon a review of the Complaint and the Motion, that Plaintiff has "sufficiently pled claims of trademark infringement, trademark counterfeiting, false designation of origin and unfair competition, false descriptions and representations of fact, and trademark dilution." Report at 3. While the Court has considered the arguments in the Motion, for purposes of determining whether the well pled allegations of the Complaint state a claim warranting entry of a default judgment, the Court has considered only the allegations of the Complaint and not any factual statements set forth in, or supported by exhibits to, the Motion.

bearing infringing marks be "delivered up and destroyed." See Motion at 25. In the Report, the Magistrate Judge declined to recommend such relief, finding that the injunction against the use of the offending materials was sufficient. See Report at 8. 15 U.S.C. § 1118 provides that "[i]n any action arising under this chapter in which a violation... under section 1125(a) of this title...shall have been established the court may order..." the delivery and destruction of the infringing materials. Indeed, the Lanham Act further provides that the courts "shall have the power to grant injunctions...upon such terms as the court may deem reasonable to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office...." 15 U.S.C. §1116(a). Destruction of infringing materials is a common term and form of relief in trademark infringement actions. See e.g., Compania Cervecera de Nicaragua and Joseph Huber Brewing Co., Inc. v. Cervezas Victoria Y Tona Beers, Inc., No. 92-639-Civ-T-21(A),1993 WL 556426 (M.D. Fla. Sept. 14, 1993); Playboy Enterprises, Inc. v. P.K. Sorren Export Company Inc. of Florida, 546 F.Supp 987, 997 (S.D. Fla. 1982). Moreover, the Court is of the view that the return and destruction of infringing materials is reasonable, will provide a more effective remedy, and significantly reduce the likelihood of any further confusion. As such, the Court finds that it is appropriate at this time to order the delivery and destruction of the infringing materials as a reasonable means to prevent further violation of Plaintiff's rights.

In light of the forgoing, it is hereby **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 18), as modified herein with respect to the return of any infringing materials, is **ADOPTED,** as the opinion of the Court.

    a. Plaintiff's Motion for Entry of Default Judgment (Dkt. No 16) is **GRANTED;**

    b. The Clerk of Court is directed to enter Judgment in favor of Plaintiff and against Defendant in the amount of $200,000 per infringing mark, for a total of $400,000;

    c. Defendant Magic Touch Cleaning and Restoration, Inc., and each of its officers, agents, servants, employees, and attorneys, and all other persons, firms, or corporations acting in concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby **ENJOINED AND RESTRAINED** from:

        i. claiming or representing that any products or services sold by them contain genuine TEFLON® products or ingredients;

        ii. claiming or representing that Defendant or any of its officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, are affiliated or associated with DuPont in any manner or ever have been authorized or approved or

      licensed by DuPont to sell or offer for sale any products or services in connection with the DUPONT® or TEFLON® Marks and from otherwise stating or suggesting that Defendant is part of the DuPont TEFLON® Carpet Protector licensing program or otherwise authorized to sell Dupont TEFLON® Carpet Protector Product;

iii. using, in any manner, or holding Defendant out as having rights to use, the TEFLON® or DUPONT® Marks or any other name, mark or design confusingly similar to the DUPONT® or TEFLON® Marks to designate;

iv. requesting or inducing Internet search engines to display links to Defendant's website or other websites displaying or promoting Defendant's products or services when potential customers using those search engines search for terms containing variations of the DUPONT® or TEFLON® Marks;

v. selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any products or services in conjunction with the DUPONT® or TEFLON® Marks or any other name, mark or design

                confusingly similar to the DUPONT® or TEFLON® Marks in conjunction with any product or service; and

        vi.    engaging in any course of conduct likely to cause confusion, deception, or mistake with respect to the DUPONT® or TEFLON® Marks or appropriate the good will and reputation of said marks or lead to the passing off of Defendant's products and services as DUPONT® or TEFLON® products and services.

d.    Defendant is ordered to deliver to Plaintiff[2] for destruction all products, labels, signs, prints, packages, dies, wrappers, containers, receptacles, advertisements, clothing, and promotional materials in their possession or under their control, bearing or referring to any of Plaintiff's trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices and other means of making the same within 30 days after entry of this judgment.

e.    Plaintiff is awarded its reasonable attorney's fees and costs incurred in bringing this action and is directed to submit an affidavit detailing such attorney's fees and costs on or before **July 29, 2011**.

---

[2]    Defendant may, instead, make any such materials available for Plaintiff to pick up.

2. The Clerk of Court is directed to terminate all pending motions and deadlines and close the file.

**DONE AND ORDERED** in Chambers, this 5th day of July, 2011

MARCIA MORALES HOWARD
United States District Judge

i12

Copies to:

The Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record

Pro Se Parties